UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANKET VYAS,

    Plaintiff,

v.     Case No: 8:22-cv-1515-CEH-JSS

TAGLICH BROTHERS, INC. and
TAGLICH PRIVATE EQUITY, LLC,

    Defendants.
_____

## ORDER

This cause comes before the Court upon Defendants Taglich Brothers, Inc. and Taglich Private Equity, LLC's ("the Taglich Entities") Motion to Stay this Case Under the First-Filed Rule, or in the Alternative, to Transfer Venue. (Doc. 86). Defendants seek a stay or transfer of the action to the Southern District of New York ("SDNY") in light of a parallel lawsuit that was filed in New York state court, dismissed with prejudice, appealed, and removed to SDNY. *Id.* at 1–2. Plaintiff opposes a stay or transfer. Doc. 103. Defendants filed a reply, and Plaintiff submitted a sur-reply. Docs. 113, 117. After careful consideration and review, the Court will grant the Motion and transfer this action to the Southern District of New York under the first-filed rule.

**I.     BACKGROUND**

In this matter, Plaintiff Sanket Vyas, as liquidating agent for and on behalf of Q3I, L.P., ("Q3I") sues the Taglich Entities. Doc. 48. Q3I was a cryptocurrency investment club that, as relevant to the claims in this case, was defrauded to the tune

of $35 million by one of its managers. *Id.* ¶¶ 1–7. According to the Complaint, Vyas is now responsible for winding up Q3I's affairs and liquidating its assets and claims. *Id.* ¶ 7.

Defendant Taglich Brothers, Inc. is a New York brokerage firm that provides investment banking and equity market research services. Doc. 86 at 4. Defendant Taglich Private Equity is a private equity firm also based in New York. *Id*. According to the Complaint, Q3I hired non-party Denis McEvoy, a Taglich employee, as its fund administrator. Doc. 48 ¶ 5. McEvoy was allegedly tasked with protecting Q3I from fraudulent activity, among other things. *Id.* Plaintiff asserts that McEvoy appeared to be acting on behalf of the Taglich Entities at all relevant times and claims that the Taglich Entities failed to properly supervise McEvoy's work, leading to the fraud carried out against Q3I. *Id.* ¶¶ 23–47. Plaintiff brings claims for breach of fiduciary duty, gross negligence, and common law negligence against the Taglich Entities. *Id.* ¶¶ 49–63.

This case was filed on July 5, 2022. Doc. 1. Subsequently, the Court issued an order to show cause, noting that Plaintiff had insufficiently pled the citizenship of the parties. Doc. 41. Plaintiff filed an Amended Complaint which cured the jurisdictional deficiencies. Doc. 48. Defendants later filed a motion to dismiss and a motion to stay discovery. Docs. 52, 67.

In December 2020, more than a year and a half before this case began, a parallel lawsuit was filed in New York State Supreme Court. Doc. 86 at 5–7. In that action, Q3 Investments Recovery, LLC, an investment recovery vehicle representing 73 Q3I

investors, sued the Taglich Entities, McEvoy, and Signature Bank ("the State Action" or "the New York Action.")[1] The State Action, like the instant lawsuit, sought to hold the Taglich Entities vicariously liable for McEvoy's work as a fund administrator and asserted claims for breach of fiduciary duty, common-law negligence, and gross negligence.[2] Doc. 18-2 ¶¶ 79–100. In January 2023, the State Action was dismissed with prejudice, after which the plaintiff in that case filed a notice of appeal. *See* Docs. 57, 57-1, 57-2.

In March 2023, the New York State Department of Financial Services closed Signature Bank—Taglich's co-defendant in the State Action—and appointed the FDIC as the Bank's receiver. *See* Doc. 73. In April 2023, the FDIC was substituted for Signature Bank. *Id.* The FDIC removed the case to federal court pursuant to 12 U.S.C. § 1819(b)(2)(B). *See Q3 Invs. Recovery Vehicle, LLC v. McEvoy, et al.,* No. 23-CIV-03086 (S.D.N.Y.). The case was then stayed pending exhaustion of the mandatory administrative claims process under 12 U.S.C. § 1821(d).

In the instant Motion (Doc. 86), Defendants argue that a stay of the case is appropriate under the first-filed rule, which provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the

---

[1] *See Q3 Investments Recovery Vehicle, LLC v. Taglich Brothers, Inc., et al.,* Index No. 657090/2020 (Supreme Court of New York County of New York). The docket is available at: https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=O99ukVC9Gf/Z7LbrHi3BZg==&display=all&courtType=New%20York%20County%20Supreme%20Court&resultsPageNum=1

[2] The State Action also brings a breach of fiduciary duty claim against McEvoy, and negligence claims against McEvoy and Signature Bank. *See* Doc. 18-2.

controversy should hear the case. First, Defendants argue that the rule applies given the sequencing of the cases and the substantial similarity of parties and issues. *Id.* at 13–16. Next, they argue that there are no compelling circumstances that would warrant an exception to the rule. *Id.* at 16–20. On these grounds, Defendants ask the Court to stay this case or transfer it to SDNY. *Id.* at 20–21.

Plaintiff opposes a stay or transfer. Doc. 103. He argues that the parties in the two lawsuits are not sufficiently similar because the State Action was brought by a different plaintiff. *Id.* at 6–9. Additionally, he argues that even if the first-filed rule applies, Florida's connection with the controversy, the convenience of the parties, and other compelling circumstances support an objection to the rule. *Id.* at 10–12. Finally, Plaintiff argues that transfer is not warranted pursuant to 28 U.S.C. § 1404 either. *Id.* at 12–13.

Defendants filed a reply in which they reiterated their arguments for a stay and addressed a new development in the New York Action—the plaintiff's notice requesting dismissal of their claims as to the Taglich Entities. Doc. 113 at 1. Defendants argue that, notwithstanding the dismissal of those claims in the New York Action, the analysis under the first-filed rule remains the same, and the Court should still stay, dismiss, or transfer this case to SDNY. *Id.* at 2–4. Plaintiff, with leave of the Court, filed a sur-reply, in which it argues that Defendants' Response improperly asks the Court, for the first time, to dismiss this case pursuant to the first-filed rule. Doc. 117 at 1–2.

## II.    LEGAL STANDARD

Under the first-filed rule, when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case. *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.,* 713 F.3d 71, 78 (11th Cir. 2013) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982)). "[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id.* (quoting *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005)). The primary purpose behind this rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Halbert v. Credit Suisse AG,* 358 F. Supp. 3d 1283, 1288 (N.D. Ala. 2018)

"Three considerations guide the rule's application: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *CaterMeFit, Inc. v. Catered Fit Corp.,* No. 8:15-CV-326-EAK-MAP, 2015 WL 12844285, at *1 (M.D. Fla. Apr. 16, 2015) (citing *Groom v. Bank of Am.,* 2010 WL 627564 (M.D. Fla. 2010)). If the court finds that the first-to-file rule applies, then the party objecting to jurisdiction in the first-filed forum bears the burden of demonstrating that "compelling circumstances" support an exception to the rule. *Lianne Yao v. Ulta Beauty Inc.,* No. 18-22213-CIV, 2018 WL 4208324, at *1 (S.D. Fla. Aug. 8, 2018). "Compelling

circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *Belacon Pallet Servs, LLC v. Amerifreight, Inc.,* No. 15cv191, 2016 WL 8999936, at *4 (N.D. Fla. Mar. 26, 2016).

The Court has broad discretion in determining whether to stay, dismiss, or transfer litigation in order to avoid duplicating a proceeding already pending in another federal court. *Glover v. Philip Morris USA,* 380 F. Supp. 2d 1279, 1285 (M.D. Fla. 2005); *see Martin v. Akers Bioscience, Inc.,* No. 8:14-CV-2835-VMC-TGW, 2014 WL 7225412, at *3 (M.D. Fla. Dec. 17, 2014). The dismissal of the first-filed action does not preclude a court from using its discretion to apply the first-filed rule. *MSP Recovery Claims Series 44, LLC v. Pfizer, Inc.,* No. 21-23676-CIV, 2022 WL 17484308, at *2 (S.D. Fla. Nov. 10, 2022); *see also Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 2355541, at *24 (S.D. Fla. June 22, 2022), *report and recommendation adopted,* 2022 WL 3370932 (Aug. 16, 2022).

## III. DISCUSSION

### A. The First-Filed Factors

For the reasons that follow, the Court finds that Defendants have satisfied their burden of establishing each of the factors relevant under the first-filed rule, thus entitling them to a "strong presumption . . . that favors the forum of the first-filed suit." *Manuel,* 430 F.3d at 1135.

To start with, the parallel action was filed well before the instant case. The New York Action had been pending for over a year and a half before Plaintiff filed this case

and has progressed significantly further. In the parallel litigation, the plaintiff amended its pleadings, the defendants twice briefed and submitted motions to dismiss, and the New York Court held a hearing on the motion to dismiss. Doc. 18 at 15–16. A ruling was then issued dismissing the case with prejudice on January 19, 2023. Doc. 57. That ruling was appealed, removed to SDNY, and counsel for the plaintiff in the State Action (the same counsel representing Plaintiffs in this case) dismissed the appeal of the claims against the Taglich Entities. *See* Doc. 110.

Second, the parties are sufficiently similar to warrant application of the rule. Plaintiff argues that the two actions do not involve substantially similar parties because he brings the instant case "as liquidating agent for and on behalf of Q3I," whereas the State Action plaintiff is an investment recovery vehicle representing 73 Q3I limited partners. Doc. 103 at 6–9. Plaintiff also argues that a standing-based argument the Taglich Entities made in the New York lawsuit was effectively an admission that the parties in each case are not substantially the same. *Id.* at 8.

Although the parties in the two cases are not precisely the same, the interests of the plaintiffs in each action are inextricably linked and they seek identical relief based on the same claims against the same defendants (the Taglich Entities). Thus, the parties are sufficiently similar under the first-filed rule. *See Groom*, 2010 WL 627564 at *9. In this case, Vyas is the appointed liquidating agent of Q3I and has been tasked with winding up its affairs and liquidating its assets. Doc. 48 ¶ 7. The State Action plaintiff is Q3 Investments Recovery, LLC, an investment recovery vehicle to which 73 investors have assigned their claims. Doc. 18-2 ¶ 2. Put simply, the plaintiff in each

7

case sues the Taglich Entities in hopes of recovering funds lost due to the same conduct—McEvoy's failure to recognize fraudulent activity and notify investors or the investment fund of the fraud.

Plaintiff fails to cite any law supporting his claim that a standing argument that the defendants made in the State Action is determinative of whether the parties are sufficiently similar under the first-filed rule. And while he is correct that the Taglich Entities argued for dismissal of the State Action based on a lack of standing (Doc. 18-3 at 18), the State Action was dismissed on other grounds. Doc. 57-1. Specifically, the New York Court dismissed the breach of fiduciary duty claim because the State Action plaintiff failed to "allege that McEvoy and Taglich provided any services beyond the administrative services agreed to that would transport any relationship between McEvoy, Taglich, and the Q3I Investors to another realm." *Id.* at 15. The negligence counts were dismissed because of a failure to address privity as required by New York law. *Id.* at 17–18. Plaintiff's claim that Defendants' arguments in the New York Action are evidence that the parties in each case are not substantially the same is unpersuasive and unsupported by law. Thus, as the two lawsuits stem from the same conduct and the interests of the plaintiff in each case are nearly identical, the parties are sufficiently similar to warrant application of the rule.

Finally, the issues are sufficiently similar to warrant application of the rule as well. In fact, the claims against the Taglich Entities in each suit are virtually identical. The State Action alleges that, based on the conduct of McEvoy, a Taglich employee, the Taglich Entities committed a breach of fiduciary duty and negligently failed to

8

recognize that the investment group was being defrauded. Doc. 18-2 ¶¶ 79–100. In the instant case, Plaintiff brings the same causes of action based on the same series of events. Doc. 48 ¶¶ 49–63. Thus, both cases seek to hold the Taglich Entities liable for the same conduct under the same legal theory. Furthermore, the substantive claims are phrased almost identically. *Compare* Doc. 48 ¶¶ 49–63 *with* Doc. 18-2 ¶¶ 79–100. Plaintiff again argues that the two cases are materially different based on the Taglich Entities' arguments for dismissal of the New York Action. Doc. 103 at 8–9. However, he does not address the fact that the claims against the Taglich Entities in both cases are nearly identical, and the Court finds that the issues in the two actions are substantially the same.

### B. **Compelling Circumstances**

As Defendant has established all three factors needed to support application of the first-filed rule, the burden shifts to Plaintiff to establish that "compelling circumstances" exist to warrant an exception to the rule. *Manuel*, 430 F.3d at 1135 ("[W]e require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule."). "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *Chaban Wellness LLC v. Sundesa, LLC*, No. 15-CV-21497, 2015 WL 4538804, at *2 (S.D. Fla. July 27, 2015) (citing *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991)).

Plaintiff fails to establish that any compelling circumstance weighs against applying the first-filed rule and transferring this matter. Indeed, the other

9

circumstances before the Court weigh in favor of applying the rule. First, although there is no direct evidence to support Defendants' claims that Plaintiff filed his suit in this District in order to forum-shop around adverse developments in the New York action (Doc. 86 at 16–17), the record shows that: the New York Action proceeded for more than a year and a half before the instant case was filed; a substantial majority of the conduct underlying the claims in this case occurred in New York and/or New Jersey; and the vast majority of relevant evidence and witnesses are located in or around New York.[3] These circumstances, weigh in favor of applying the rule and transferring this case. Thus, Plaintiff fails to establish that any compelling circumstances weigh against the application of the first-filed rule.

## IV.   CONCLUSION

All three first-filed rule factors apply here. And compelling circumstances do not exist to warrant a departure from application of this rule. Thus, the Court finds that application of the first-filed rule is appropriate. Accordingly, the Court will transfer this matter to the United States District Court for the Southern District of New York. As such, the Court need not address whether transfer would be appropriate pursuant to 28 U.S.C. § 1404.

Accordingly, it is **ORDERED:**

1. Defendants Taglich Brothers, Inc. and Taglich Private Equity, LLC's Motion to Stay this Case Under the First-Filed Rule, or in the Alternative to

---

[3] The Court also notes that Plaintiff Vyas is a citizen of Texas, not Florida. Doc. 48 ¶ 7.

Transfer Venue Under the First-Filed Rule or Pursuant to 28 U.S.C. § 1404(a) (Doc. 86) is **GRANTED-IN-PART.**

2. The Court will transfer this action to the United States District Court, Southern District of New York under the first-filed rule. The Motion is otherwise **DENIED**.

3. The Clerk is directed to immediately transfer this case to the Southern District of New York for all further proceedings. The Clerk is further directed to terminate any pending deadlines and motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on September 12, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties