```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
SANKET VYAS, as liquidating agent for and
on behalf of Q3 I, L.P.,

                            Plaintiff,

            -against-

TAGLICH BROTHERS, INC., and
TAGLICH PRIVATE EQUITY, LLC,

                            Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/28/2025___

23 Civ. 8104 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Sanket Vyas, as liquidating agent for and on behalf of Q3 I, L.P., moves to strike fifteen affirmative defenses asserted by Defendants, Taglich Brothers, Inc., and Taglich Private Equity, LLC (together, "Taglich"), in their answer to Vyas' amended complaint. Mot., ECF No. 262; *see also* Opp., ECF No. 271; Reply, ECF No. 272. For the reasons stated below, the motion is granted in part and denied in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is well established, though, that motions to strike "are generally disfavored and granted only if there is a strong reason to do so." *Cadet v. All. Nursing Staffing of N.Y., Inc.*, No. 21 Civ. 3994, 2023 WL 3872574, at *1 (S.D.N.Y. Jan. 6, 2023) (citation omitted). A court should grant a motion to strike an affirmative defense only when (1) "'there is no question of fact which might allow the defense' to meet the plausibility standard applied to pleadings," (2) "there is no question of law which might allow the defense to succeed," (3) and "the plaintiff would be

prejudiced by inclusion of the defense." *Id.* (quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95 (2d Cir. 2019)).

Generally, "[i]n considering the first and second prongs of the test, courts must apply the same legal standard as that applicable to a motion to dismiss under Rule 12(b)(6)," *EEOC v. UPS, Inc.*, No. 15 Civ. 4141, 2017 WL 9482105, at *4 (E.D.N.Y. Mar. 9, 2017) (citation omitted), *i.e.*, the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, that standard "is 'context-specific' and may be 'relaxed' depending on whether a challenged defense is one for which 'factual support is readily available.'" *Tal Dagan MD PC v. Resols. Billing & Consulting, Inc.*, No. 24 Civ. 632, 2024 WL 5089276, at *2 (S.D.N.Y. Dec. 12, 2024) (quoting *GEOMC*, 918 F.3d at 98). For that reason, "courts in this [C]ircuit have decided whether to strike affirmative defenses as factually implausible based on whether the challenged defense is, by nature, one that defendants would readily have facts to support." *Id.*

## DISCUSSION

Vyas moves to strike each of Taglich's fifteen affirmative defenses. Mot. at 3. He argues that that the defenses are all "boilerplate and conclusory" and, consequently, that they "prejudice Plaintiff's ability to fully conduct discovery before the fact discovery deadline."[1] Mot. at 2, 7.

   I.     First, Third, Fifth, and Twelfth Affirmative Defenses

Taglich's first affirmative defense is that Vyas "fail[s] to state a claim against Defendants upon which relief can be granted." Answer at 16, ECF No. 261. Its third affirmative defense is

---

[1] Vyas' allegations of prejudice stem in large part from a discovery schedule that has since been extended. *See* Mot. at 9–10; Reply at 5–9; ECF No. 274.

that it "acted in good faith and did not violate any right that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines." *Id.* Its fifth affirmative defense is that Vyas' claims are barred "because Defendants' alleged conduct did not cause Plaintiff's loss, and Plaintiff cannot establish proximate causation." *Id.* And its twelfth affirmative defense is that Vyas' claims are barred "because any loss sustained by Plaintiff was not a result of the alleged misconduct but rather of superseding intervening events outside Defendants' control." *Id.* at 17.

"[A]bundant case law" holds that a failure-to-state-a-claim defense is not vulnerable to a motion to strike "because, like a denial of factual allegations, the defense functions as a general denial of liability." *Rich v. Miller*, 634 F. Supp. 3d 66, 73 (S.D.N.Y. 2022), *rep. & rec. adopted*, 634 F. Supp. 3d at 69 (S.D.N.Y. 2022); *see Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 431 (S.D.N.Y. 2010) ("[T]he inclusion of these defenses, although redundant, does not prejudice Plaintiffs."). The same can be said of a defense asserting that the defendant did not violate any of the plaintiff's rights and a defense claiming that the defendant's conduct did not cause the plaintiff's loss. *See Rich*, 634 F. Supp. 3d at 74; *Jones v. Equifax Info. Servs. LLC*, No. 24 Civ. 1535, 2025 WL 918466, at *8 (S.D.N.Y. Mar. 26, 2025). Vyas' motion to strike Taglich's first, third, fifth, and twelfth affirmative defenses is, therefore, denied.

II.     Fourth, Sixth, Seventh, and Fourteenth Affirmative Defenses

Taglich's fourth affirmative defense is that Vyas' claims are barred by his "failure to mitigate damages." Answer at 16. Its sixth affirmative defense is that Vyas' claims "occurred because of, were proximately caused by, and/or were contributed to by Plaintiff's own acts or failures to act." *Id.* Its seventh affirmative defense is that Vyas' claims are barred "by the doctrine of *in pari delicto*," *id.*, a rule that "bars a party that has been injured as a result of its

3

own intentional wrongdoing from recovering for those injuries from another party whose equal or lesser fault contributed to the loss," *In re Lehr Constr. Corp.*, 551 B.R. 732, 738 (S.D.N.Y. 2016) (quoting *Rosenbach v. Diversified Grp., Inc.*, 926 N.Y.S.2d 49, 51 (App. Div. 2011)). And Taglich's fourteenth affirmative defense is that Vyas' claims are barred "because Plaintiff has already received funds that satisfy any damages [to] which [he] conceivably could be entitled and such funds must be used to offset the damages claimed in the [a]mended [c]omplaint." Answer at 17.

Taglich has not cited any facts that would support these defenses. Even so, "th[ese] [are] just the sort of defense[s] where the facts regarding [P]laintiff's conduct would not necessarily be within [D]efendants' knowledge and may become known only through discovery." *Rich*, 634 F. Supp. 3d at 75; *see Jones*, 2025 WL 918466, at *8; *Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 478 F. Supp. 3d 417, 433 (E.D.N.Y. 2020). The Court, therefore, uses the "relaxed plausibility standard" that applies when "the factual allegations necessary to support such defenses are likely not readily available to defendants," and finds that these "conclusory" defenses are permissible. *Tal Dagan*, 2024 WL 5089276, at *5 (alterations adopted) (quoting *Jablonski v. Special Couns., Inc.*, No. 16 Civ. 5243, 2020 WL 1444933, at *4 (S.D.N.Y. Mar. 25, 2020)). Furthermore, Vyas does not explain how he would be prejudiced by the inclusion of these defenses in particular. Vyas' motion to strike the defenses is, therefore, denied.

   III.   Second and Eighth Affirmative Defenses

Taglich's second affirmative defense is that Vyas' claims are barred "by the applicable statute of limitations and statutes of repose." Answer at 16. Its eighth affirmative defense is that Vyas' claims are barred "by the doctrines of waiver, estoppel, laches, and unclean hands." *Id.* at 17.

4

Unlike the defenses described above, these categories of affirmative defenses usually hinge on the type of information of which a defendant would generally be aware before engaging in fulsome discovery. *See Tal Dagan*, 2024 WL 5089276, at *5 (explaining that a waiver defense "requires the plaintiff to affirmatively manifest relinquishment to a defendant" and that, therefore, a defendant asserting this defense must allege some facts supporting the plausibility of its existence); *Jablonski*, 2020 WL 1444933, at *5 (explaining that the factual allegations necessary to support a statute-of-limitations defense "are generally readily available to a defendant"). *But see Jones*, 2025 WL 918466, at *8. Because Taglich has not alleged facts establishing the plausibility of these defenses, and because requiring Vyas to investigate them would cause some degree of prejudice, they shall be stricken.

IV.     Ninth, Eleventh, and Thirteenth Affirmative Defenses

Taglich's ninth affirmative defense is that Vyas' claims are barred "because Plaintiff lacks standing or legal capacity to assert some or all of the causes of action set forth in the Amended Complaint." Answer at 17. Its eleventh affirmative defense is that Vyas' claims are barred "because damages, if any, are speculative, and thus are not recoverable." *Id.* And its thirteenth affirmative defense is that Vyas "has suffered no cognizable damages and therefore cannot recover any damages." *Id.*

Although these are boilerplate defenses, Vyas cannot demonstrate that he would be prejudiced by their inclusion. *See Cadet*, 2023 WL 3872574, at *1. Like any plaintiff, Vyas must demonstrate the existence of standing and concrete, cognizable damages to maintain his claims. *See Kelly v. 21 Grp., Inc.*, No. 22 Civ. 226, 2023 WL 5831131, at *8 (E.D.N.Y. Sept. 8, 2023); *Rand v. Travelers Indem. Co.*, 637 F. Supp. 3d 55, 69 (S.D.N.Y. 2022); *Lappin v. Greenberg*, 825 N.Y.S.2d 18, 20 (App. Div. 2006); *cf. Brooklyn Union Gas*, 478 F. Supp. 3d at

433 (explaining that a plaintiff will not be prejudiced "by having to engage in discovery and further argument on issues that will be central to proving its claims regardless of whether or not these issues are raised as affirmative defenses"). Vyas' motion to strike Taglich's ninth, eleventh, and thirteenth affirmative defenses is, therefore, denied.

V.      Tenth Affirmative Defense

Taglich's tenth affirmative defense is that Vyas' claims are barred "by the business judgment rule." Answer at 17. The business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *Auerbach v. Bennett*, 393 N.E.2d 994, 1000 (N.Y. 1979); *see also Kleeberg v. Eber*, 665 F. Supp. 3d 543, 572 (S.D.N.Y. 2023) ("The same standard applies to corporate officers."). The doctrine does not apply here because Vyas has not sued any individual corporate directors or officers; in other words, there is no question of law that could allow the defense to succeed. *See Cadet*, 2023 WL 3872574, at *1. Furthermore, the inclusion of the defense could prejudice Vyas by requiring him to seek discovery concerning the motivations of Taglich's corporate directors, an otherwise irrelevant subject area. Vyas' motion to strike the defense is, therefore, granted.

VI.      Fifteenth Affirmative Defense

Taglich's fifteenth affirmative defense is that Vyas' claims are barred because they "were caused, in whole or in part, by the actions of one or more third parties," and "must therefore be reduced in proportion with the fault attributable to those parties." Answer at 18. This defense goes to the heart of one of this action's primary factual disputes: whether the person most responsible for the allegedly negligent management of the cryptocurrency fund was acting within the scope of his employment for Defendants when he managed the fund. *See* ECF No. 256 at 9–

13. Vyas' motion to strike this defense is, therefore, denied. *See Rich*, 634 F. Supp. 3d at 72 ("[E]ven if an affirmative defense is presented without accompanying factual allegations, a court may still decline to strike it where sufficient factual content is pled elsewhere to support the defense." (citation omitted)); *Kelly*, 2023 WL 5831131, at *7 (denying a motion to strike affirmative defenses that "address the issue at the heart of the case").

## CONCLUSION

Accordingly, Vyas' motion to strike Taglich's affirmative defenses is GRANTED as to Taglich's second, eighth, and tenth defenses and DENIED in all other respects.

Should Defendant wish to amend its answer to cure the identified deficiencies, it may seek leave to do so; any such motion shall be filed "with a redline showing all differences between the operative pleading and the proposed amended pleading." Individual Pracs. in Civ. Cases ¶ III.H.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 262.

SO ORDERED.

Dated: April 28, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge