UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 1:23-cv-08104-AT-KHP

SANKET VYAS, as liquidating agent
for and on behalf of Q3 I, L.P.,

    Plaintiff,

v.

TAGLICH BROTHERS, INC. and
TAGLICH PRIVATE EQUITY, LLC,

    Defendants.
_____/

**STIPULATION AND PROPOSED PROTECTIVE ORDER REGARDING SETTLEMENT CONFERENCE**

**WHEREAS**, the Parties engaged in a settlement conference before the Hon. Judge Parker in this matter on July 31, 2025, and, in connection with that conference and further confidential settlement communications and negotiations, have agreed to enter into a stipulation and protective order governing Defendant Taglich Brothers, Inc.'s and Taglich Private Equity, LLC's (collectively, "Taglich") disclosure of financial information on an attorneys' eyes only basis to Plaintiff's local counsel, Reid Skibell;

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and having further stipulated based on their negotiations that good cause exists for the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c) governing Taglich's provision of financial information in connection with the settlement conference, it is hereby

**ORDERED** that in connection with the Parties' settlement conference and negotiations:

1. Taglich may designate documents containing its financial information as attorneys' eyes only by stamping such documents as "Highly Confidential – AEO" or by producing the documents under cover with such designation (the "AEO Settlement Materials"). Taglich may produce the AEO Settlement Materials to Mr. Skibell, local counsel for Dr. Vyas. Mr. Skibell is prohibited from disclosing the AEO Settlement Materials to anyone outside of his firm, but he is permitted to discuss the contents of the AEO Materials with Dr. Vyas and his co-counsel in connection with the Parties' settlement evaluation and negotiations. The content of the AEO Settlement Materials may not be introduced into evidence or filed with the Court in this case.

2. The inadvertent disclosure of a document or information without designating it as "Highly Confidential – AEO" shall not constitute a waiver of the right to designate such document or information as AEO Material. If so designated, the document or information shall thenceforth be treated as AEO Material subject to all the terms of this Stipulation and Order.

3. Taglich does not waive, but rather expressly preserves, the following with respect to the AEO Settlement Materials: (a) any and all objections to the authenticity, relevance, competency, materiality, or admissibility at any proceeding of any information or documents disclosed; (b) all rights to object on any ground to the use of any of the documents or information produced in any proceeding; and (c) the right to object in any proceeding to other discovery or inquiry involving or relating to the subject matter of any information or documents disclosed.

4. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

5. The Parties stipulate and agree that no discussion of the AEO Settlement Materials between Mr. Skibell and any of Dr. Vyas's other attorneys shall be grounds to disqualify those other attorneys from representing Dr. Vyas in any other action, including any action against Defendants.

6. At the conclusion of litigation, the AEO Settlement Materials and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to Taglich or certified as destroyed.

**SO STIPULATED AND AGREED**.

By:  Reid Skibell

/s/ Reid Skibell

*Counsel for Plaintiff*

Dated: August 11, 2025

By: Michael A. Pineiro

/s/ Michael A. Pineiro

*Counsel for Defendants*

Dated: August 11, 2025

**SO ORDERED.**

_____
**KATHARINE H. PARKER, U.S.M.J.**

Dated: August 12, 2025

New York, New York